No. 20,031.

MRS. ADELE HOFFMAN, *Appellee*, v. F. W. CHARLETT, *Appellant.*

SYLLABUS BY THE COURT.

AUTOMOBILE—*Passing Buggy—Collision—Findings Consistent—Instructions.* Findings of fact examined and held to be consistent with each other and with the general verdict. Held further that an instruction was properly given the jury relating to the management of vehicles on a public highway when the driver of an automobile intends to pass a horse and buggy in front of it.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed March 11, 1916. Affirmed.

*A. C. Dyer, A. L. Moffat,* both of Kinsley, and *Charles E. Lobdell,* of Great Bend, for the appellant.

*F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injuries which the plaintiff sustained by being struck by the defendant's automobile. The plaintiff recovered and the defendant appeals.

The plaintiff was driving a single horse hitched to a buggy in which the plaintiff and her two children were riding. The defendant approached them from the rear. As he did so the plaintiff turned to the right. The traveled part of the highway was forty feet wide, and the plaintiff testified she turned clear out of the wheel tracks so as to give the defendant plenty of room to turn out. There was evidence that the automobile struck the buggy, threw the plaintiff out, and as she attempted to get up from the ground the automobile struck her in the back. The defense was that after turning to the right the plaintiff's horse suddenly turned back into the road, that the automobile probably did not strike the buggy and did not strike the plaintiff, and that the plaintiff's injuries resulted from her jumping out of the buggy. The jury returned the following special findings of fact:

"Q. No. 1—Do you find that defendant was guilty of negligence or carelessness in the operation of his car? A. No. 1—Yes.

"Q. No. 2—If you answer the foregoing question in the affirmative, state in what particular he was negligent. A. No. 2—He failed to stop his car.

"Q. No. 3—What, if anything, did defendant omit in the handling of his car that ordinary carefulness and prudence would require? A. No. 3—Did not use his brake.

"Q. No. 4—What, if anything, did defendant do in the operation of his car that was not ordinarily careful and prudent? A. No. 4—He failed to turn to the left.

"Q. No. 5—After defendant saw the buggy ahead of him did he slow down to a reasonable and proper speed under the circumstances? A. No. 5—No.

"Q. No. 6—Did defendant after sounding his horn keep his car under reasonable and proper control? A. No. 6—No.

"Q. No. 7—Did defendant follow plaintiff out of the main track and strike her buggy while there? A. No. 7—No.

"Q. No. 8—Did plaintiff's horse and buggy after turning out to the right, turn again to the left across the main road? A. No. 8—No.

"Q. No. 10—Do you allow plaintiff anything for permanent injury? A. No. 10—No.

"Q. No. 13—Did defendant's car strike plaintiff? A. No. 13—Yes."

The principal contentions of the defendant are that findings 7 and 8 are in his favor and that findings 7, 8 and 13 can not all be true. The argument is that the plaintiff testified she turned to the right, clear out of the main track. If the defendant did not follow her out of the main track from which she had wholly departed, and the horse and buggy did not turn back across the main track, there could be no collision. The jury evidently considered the entire event. Believing the autmobile struck the buggy, the jury doubtless concluded the plaintiff's observation and memory of the distance she turned to the right were not exact and that she did not succeed in getting the rear of the buggy entirely clear of the right-hand wheel track of the traveled part of the road, although she believed and testified that she had done so. The jury were not bound to accept the testimony for the plaintiff as being verbally accurate and absolutely true, or else reject it entirely and accept the testimony for the defendant as absolutely true, and if the plaintiff in her testimony overestimated the distance she turned to the right she did not defeat her cause of action.

The court instructed the jury on the law of the road governing the management of vehicles when the driver of one behind another intends to pass the one in front. It is said there was

no evidence warranting this instruction, and among other things it is said there was no evidence that the defendant desired to pass· the plaintiff. The facts and circumstances disclosed by the evidence were abundantly sufficient to establish such an intention, and it was proper for the court to instruct the jury concerning the respective duties of the parties should the jury conclude the case was one involving the passing of a vehicle in front of another by the one in the rear.

The judgment of the district court is affirmed.